**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 23-cv-00050-RM-SKC

CROSS CREEK RANCH, LLC, a Colorado limited liability company,
PINNACLE SERVICES INC., a California corporation, and
HEALTH E SOLUTIONS, INC., a California corporation,

    Plaintiffs,

v.

RYAN CROTTS,

    Defendant.

---

## ORDER
---

Before the Court is Plaintiffs' Motion to Stay Arbitration (ECF No. 14), seeking an order staying an arbitration proceeding initiated by Defendant against Cross Creek Cattle Company, LLC ("CCCC"), an affiliate of Plaintiffs. The Motion has been fully briefed (ECF Nos. 16, 23) and is denied for the reasons below.

Plaintiffs own, lease, and manage agricultural ranching property in Colorado and New Mexico, where Defendant was engaged to work beginning in early 2020. The precise terms and nature of Defendant's position are disputed. Plaintiffs allege that *they* engaged Defendant as a ranch manager but terminated him in December 2021 for gross negligence and incompetence. (ECF No. 14, ¶¶ 1, 2.) Defendant alleges that *CCCC* employed him as a ranch hand pursuant to a Labor Services Agreement with a mandatory arbitration provision. (ECF No. 16 at 2.)

In December 2022, Plaintiffs filed a lawsuit against Defendant in Colorado state court, alleging that Defendant's negligence and concealment in the performance of his duties caused more than $1.4 million in damages to their livestock, equipment, and property. In January 2023, Defendant removed the case to this Court and, separately, initiated arbitration against CCCC to recover wages and other compensation to which he alleges he is entitled under the Labor Services Agreement. According to Defendant, CCCC has refused to cooperate in the arbitration process. (ECF No. 16 at 7.)

In their Motion, Plaintiffs cite Colo. Rev. Stat. § 13-22-207(2) for the proposition this Court may summarily decide the enforceability of an agreement to arbitrate. However, as Defendant points out in his Response, Plaintiffs are not parties to the Labor Services Agreement or the arbitration, and they have made no effort to explain why they are entitled—on the basis of their "affiliation"—to stay enforcement of the arbitration proceedings against CCCC. (ECF No. 16 at 8.) In their Amended Reply, Plaintiffs continue to put the cart before the horse by insisting that the arbitration provision is unenforceable. However, the Court declines to bypass the issue of whether Plaintiffs have standing to assert such a request in the first instance. *See Ainscough v. Owens*, 90 P.3d 851, 855 (Colo. 2004) (en banc) ("Standing is a threshold issue that must be satisfied in order to decide a case on the merits.").

Regardless of whether the Labor Services Agreement is determined to be enforceable, Plaintiffs concede that they are not parties to it. Nor have they shown that Defendant's claim against CCCC is identical to any claim or counterclaim in this case. To the extent they allege they will suffer an injury if the arbitration between Defendant and CCCC goes forward, the

Court finds it is the type of indirect and incidental injury that is insufficient to confer standing. *See id.* at 856. Plaintiffs cite no authority to the contrary.

Therefore, the Motion (ECF No. 14) is DENIED.

DATED this 23rd day of March, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge